UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

HIMAL OLI,

          Petitioner,

    v.

MURRAY, et al.,

          Respondents.

No. 1:26-cv-00169-WBS-CSK

MEMORANDUM AND ORDER

----oo0oo----

Before the court is petitioner's motion for a temporary restraining order.  Petitioner asks the court to order his immediate release from custody on the grounds that his detention violates the procedural protections conferred by the Due Process Clause.  (See Docket No. 3 at 1.)

Petitioner was detained by immigration authorities on October 8, 2025.  (Id. at 6; Docket No. 3-1 at 6.)  He filed the instant motion for relief over three months later, on January 11, 2026.  (See Docket No. 3.)

"The standard for a [temporary restraining order] is the same as for a preliminary injunction."  Rovio Entm't Ltd. v. Royal Plush Toys, Inc., 907 F. Supp. 2d 1086, 1092 (N.D. Cal. 2012) (citing Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001)).  Typically, "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer

1

irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). The last two factors "merge when the Government is the opposing party." Nken v. Holder, 556 U.S. 418, 435 (2009).

A petitioner's "long delay" in seeking injunctive relief "implies a lack of urgency and irreparable harm." See Oakland Trib., Inc. v. Chron. Pub. Co., 762 F.2d 1374, 1377 (9th Cir. 1985). Courts within this circuit have found that delays in seeking temporary restraining orders far shorter than petitioner's three-month delay to "counsel[] against a finding of irreparable harm." Oregon Nat. Desert Ass'n v. Bushue, 594 F. Supp. 3d 1259, 1266 (D. Or. 2022) (two-month delay); see also, e.g., Dahl v. Swift Distrib., Inc., No. 10-cv-0551 SJO RZx, 2010 WL 1458957, at *4 (C.D. Cal. April 1, 2010) (eighteen-day delay); Sanchez v. Sanchez, No. 10-cv-1628 JLS RBB, 2010 WL 4790179, at *5 (S.D. Cal. Nov. 17, 2010) (twenty-six-day delay).

Petitioner's untimely filing is fatal to his motion for temporary restraining order. That petitioner leaves this delay "unexplained" only bolsters this conclusion. See Lee v. Haj, No. 1:16-cv-00008 DAD SAB, 2016 WL 8738428, at *2 (E.D. Cal. Feb. 22, 2016) ("[U]nexplained delays . . . militate against a finding of irreparable harm and against the issuance of a temporary restraining order.").

Petitioner has failed to demonstrate the existence of irreparable harm. That being the case, the court "need not

2

consider the other [preliminary injunction] factors." See California v. Azar, 911 F.3d 558, 575 (9th Cir. 2018).

IT IS THEREFORE ORDERED that petitioner's motion for a temporary restraining order (Docket No. 3) be, and the same hereby is, DENIED.  Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262, the case is referred to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:  January 12, 2026

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

3